2022 IL App (1st) 182601-U

No. 1-18-2601

Order filed February 10, 2022

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 2981 |
| | ) | |
| SHAWN WILLIAMS, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Pierce and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The second-stage dismissal of defendant's successive postconviction petition is affirmed over his contention that his postconviction counsel provided unreasonable assistance.

¶ 2    Defendant Shawn Williams appeals from the circuit court's order granting the State's motion to dismiss his successive petition for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). On appeal, defendant contends that his postconviction counsel provided unreasonable assistance when he failed to amend the *pro se*

petition to include an allegation—which postconviction counsel made orally at the hearing on the State's motion to dismiss—that defendant's guilty plea was not knowing and voluntary because plea counsel "did not fully apprise him of what he was pleading guilty to." For the reasons that follow, we affirm.

¶ 3     In January 2000, defendant was charged by indictment with four counts of first degree murder, one count of aggravated possession of a stolen motor vehicle, one count of vehicular homicide, one count of possession of a stolen motor vehicle, one count of burglary, and seven counts of aggravated battery. Relevant here, count I charged defendant with the intentional or knowing first degree murder of Katherine Willis (720 ILCS 5/9-1(a)(1) (West 1998)), and count IX charged him with the aggravated battery of Timothy Patterson (720 ILCS 5/12-4(a) (West 1998)).

¶ 4     On March 27, 2001, defendant entered into a plea agreement that was negotiated in an Illinois Supreme Court Rule 402 (eff. July 1, 1997) conference. Following the off-record conference, the trial court advised defendant as follows:

    "[Defendant], you're charged with the offense of first degree murder. *** First degree murder is punishable from 20 to 60 years in the Illinois Department of Corrections. You're also charged with the offense of aggravated battery. Aggravated battery is a class three felony. It is punishable at the minimum by a term of probation. The maximum sentence for that charge is two to five years in the Illinois Department of Corrections. Knowing the possible penalties how do you plead to the two charges, guilty or not guilty?"

¶ 5     After defendant stated that he was pleading guilty, the trial court admonished him regarding the rights he was giving up by entering a plea. Defendant indicated that he understood. The trial

court also confirmed with defendant that other than the agreement between the parties that his sentences would be concurrent terms of 28 years "on the first degree murder charge" and 5 years "on the aggravated battery charge," no promises or threats had been made to induce him to plead guilty.

¶ 6 The parties stipulated to the factual basis for the plea. According to the stipulation, on December 25, 1999, a taxi driver left his cab unlocked and running while he went inside a Chicago gas station to pay. Defendant entered the taxi and drove away. Police officers saw defendant driving the taxi at a high rate of speed and followed him. He drove through a red light and struck a vehicle occupied by Willis and Patterson. After the collision, defendant lost control of the taxi and struck a pedestrian who sustained a broken leg and numerous cuts and abrasions. Willis died as a result of multiple injuries sustained in the crash and Patterson sustained a broken leg.

¶ 7 The trial court confirmed with defendant that he still wished to plead guilty, knowing the nature of the charges, the possible penalties he faced, and the rights he was giving up. The court found that defendant understood the nature of the charges and the possible penalties, that he was knowingly waiving his rights, and that a factual basis existed for the plea. As such, the court stated it was sentencing defendant "on the first degree murder count in count one to 28 years" and "on the aggravated battery count in count nine to five years," with the sentences to be served concurrently. The trial court admonished defendant of his right to appeal and indicated that before he could appeal, he must file a motion to withdraw his guilty plea within 30 days.

¶ 8 The half-sheet entry from the date of defendant's plea indicates that defendant agreed to plead guilty to count I and count IX and that the State nol-prossed the remaining counts. The mittimus reflects that defendant was sentenced on counts I and IX.

¶ 9    On March 26, 2002, nearly a year after his guilty plea, defendant filed a *pro se* motion to withdraw his plea and vacate his sentence. Defendant's sole assertion in the motion was that his attorney told him "that he could not prepare a defence [*sic*] for my case." The court denied the motion as untimely. It does not appear from the record that defendant pursued a direct appeal.

¶ 10    On October 27, 2003, defendant filed his first *pro se* postconviction petition under the Act. He alleged, *inter alia*, that he was denied effective assistance of trial counsel because his attorney told him there was no defense worthy of consideration and failed to file a notice of appeal at his request. Specifically, defendant alleged that his attorney informed him "that the plea agreement for first degree murder would insure that he would see his family again because there was no defense worthy of consideration that could be presented to a jury." Defendant also asserted:

"that his fourteenth amendment right to due process and sixth amendment right to effective assistance of counsel were denied him when appointed counsel:

(a).    encouraged a plea agreement that had no sufficient factual basis to support that plea;

(b).    encouraged acceptance of a plea agreement by use of coercion;

(c).    encouraged acceptance of a plea agreement through the misrepresentation of facts and the law;

(d).    refused to consider a possible reckless homicide defense when facts and law supported that defense; [and]

(e) refused to file an appeal after petitioner's repeated request to do so[.]"

¶ 11    Defendant further asserted that he had written to his attorney concerning his desire to appeal his plea agreement in January 2002, but had not received a response.

¶ 12    In an attached memorandum, defendant alleged that his attorney, by refusing to consider anything other than a plea of guilty, forced him to accept a guilty plea. Defendant argued, "This failure to consider any kind of defense, resulted in the involuntary acceptance of a guilty plea [defendant] initially thought and continues to feel, could have resulted in a lesser charge and sentence." Defendant further asserted that "he has always believed" that the State could not have proven him guilty beyond a reasonable doubt of the charged offenses.

¶ 13    The circuit court dismissed the petition as frivolous and patently without merit. The court found that defendant had waived his claims concerning his attorney's competence because the claims were premised on the trial record. Further, the court found that defendant failed to attach the letter in which he alleged he informed his attorney of his desire to appeal, and that his petition was devoid of facts supporting his contentions and was "entirely conclusory." With respect to defendant's claim that he was coerced or forced to accept the plea agreement, the circuit court found that defendant was "duly admonished" prior to accepting the plea, did not challenge the plea's voluntariness in a timely motion to withdraw his plea or a direct appeal, and was not relying on any newly discovered evidence or other material outside the record. The court concluded, "Because [defendant] could have previously withdrawn his guilty plea within the 30 days from his sentencing, it is now waived for purposes of post-conviction review."

¶ 14    On appeal, defendant contended that his petition stated the gist of a constitutional claim that as a result of his plea counsel's ineffective assistance, his guilty plea was not knowing and voluntary. He argued that his decision to plead guilty was based on his attorney's assertion that he had no defense worthy of consideration. He further asserted that his attorney was ineffective for

failing to consider or inform him about a reckless homicide defense and for failing to file a timely notice of appeal.

¶ 15    This court affirmed, finding that defendant failed to provide sufficient documentary evidence and his case did not fall within an exception to the requirement that he attach supporting documents. We agreed with the circuit court that defendant's petition was devoid of facts to support his contentions and that his allegations were conclusory. Moreover, the petition did not state the gist of a constitutional claim where defendant failed to make any factual allegations or identify evidence in the record that showed he was merely acting recklessly and not knowingly and intentionally when he crashed into the other vehicle. We also rejected defendant's claim that trial counsel was ineffective for failing to perfect an appeal, as defendant had not complied with the evidentiary requirements of section 2-112 of the Act. *People v. Williams*, No. 1-04-0771 (2006) (unpublished order under Supreme Court Rule 23).

¶ 16    On February 5, 2010, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). He contended that he did not receive the benefit of his plea bargain because he was not apprised at his plea hearing that he was required to serve three years of mandatory supervised release. The State filed a motion to dismiss, which the circuit court granted on March 31, 2010. On May 18, 2010, defendant mailed a *pro se* notice of appeal to the circuit court. Thereafter, the circuit court entered an order finding that the notice of appeal was late and stating that defendant could seek to file a late notice of appeal. It does not appear from the record that defendant pursued an appeal.

¶ 17    On August 15, 2014, defendant filed the *pro se* pleading at issue here, titled "Petition for Leave to File Successive Petition for Post Conviction Relief," contending that his trial counsel was

ineffective for failing to object to the imposition of a void sentence. He asserted that his concurrent sentences were void because consecutive sentences should have been imposed pursuant to section 5-8-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(a) (West 2000)), and that he was not aware his sentence was void until an Assistant State's Attorney mentioned it during the March 2010 hearing on his section 2-1401 petition. As relief, defendant sought to have his sentence vacated and his guilty plea withdrawn.

¶ 18   On November 14, 2014, the circuit court granted defendant leave to file and appointed the office of the Cook County Public Defender to represent him. On January 24, 2017, counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).[1] Counsel certified that he had consulted with defendant to ascertain his contentions of deprivations of constitutional rights, had obtained and examined the record of proceedings "at the trial and sentencing," and had not prepared a supplemental petition as defendant's *pro se* petition adequately set forth his claims.

¶ 19   On May 4, 2017, the State filed a motion to dismiss, arguing that defendant had not established grounds for a successive filing, alleged a cognizable constitutional claim, or shown prejudice. On July 19, 2018, the circuit court held a hearing on the State's motion to dismiss. In the course of arguing against the motion, postconviction counsel stated:

> "[W]hen you look at [defendant's] ineffective assistance claim, he notes that his attorney at the time did not tell him that he was in effect pleading to the charge of intentional murder. He was under the impression that he was pleading guilty to felony murder. However, as he

---

[1] Subsequent to counsel's filing, Rule 651(c) was amended with regard to the procedures the circuit court must take to provide indigent petitioners with the report of proceedings. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

notes in his pleadings, possession of a stolen motor vehicle is not a forcible felony that would support the charge of felony murder.

And [defendant] is contending here that his lawyer did not make clear to him what he was, in fact, pleading guilty to and, therefore, it was not a knowing and voluntary plea. Had he known otherwise he would have most likely have contested the charges and thereby actually gone to trial. And so if at any time, Judge, as you know, if a person is—if a person pleads guilty and they are unaware of all of the potential consequences, that plea is not knowing and is not voluntary. And under *Strickland* based on what [defendant] has alleged, had the attorney fully apprised him of what he was, in fact, pleading guilty to, he would have definitely had chosen a different route in terms of how he would have ended up proceeding in the case."

¶ 20    The State responded that because defendant had raised "that issue" at a prior proceeding, it was barred by the doctrine of *res judicata*.

¶ 21    On October 17, 2018, the circuit court granted the State's motion to dismiss, stating that defendant's claims were procedurally barred because they were or could have been subject to prior appellate review. The court also found that at the time of sentencing, concurrent sentences were not improper and, even if they were, the void sentence rule had been abolished in *People v. Castleberry*, 2015 IL 116916. In its written order, the court further explained that because defendant had not identified an objective factor that impeded his ability to raise his claim in an initial petition, he could not demonstrate cause to assert it in a successive petition. Finally, the court indicated that defendant could not demonstrate prejudice where his claim failed on the merits, *i.e.*, his sentence was not void.

¶ 22    On appeal, defendant contends that his postconviction counsel provided unreasonable assistance by not amending the *pro se* petition to include counsel's oral allegation that defendant's guilty plea was not knowing and voluntary because plea counsel did not fully apprise defendant of the offense that was the subject of the plea.

¶ 23    At the second stage of postconviction proceedings, appointment of counsel is a statutory, rather than constitutional, right. 725 ILCS 5/122-4 (West 2014); *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Under the Act, petitioners are entitled to a "reasonable" level of assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure this level of assistance, Rule 651(c) imposes three duties on appointed postconviction counsel. *Id.* Pursuant to the rule, either the record or a certificate filed by the attorney must show that counsel (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); *Perkins*, 229 Ill. 2d at 42.

¶ 24    The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided reasonable assistance, and substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. A defendant bears the burden of overcoming the presumption of reasonable assistance by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c). *Id.* Our review of an attorney's compliance with Rule 651(c), as well as the dismissal of a postconviction petition without an evidentiary hearing, is *de novo*. *Id.* ¶ 17.

¶ 25    Here, postconviction counsel filed a Rule 651(c) certificate. Therefore, a presumption exists that defendant received the representation required by the rule. *Id.* ¶ 19. That is, a

presumption exists that defendant received reasonable assistance of postconviction counsel. *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 12.

¶ 26    Defendant maintains that he has rebutted the presumption of substantial compliance. He contends that his postconviction counsel provided unreasonable assistance by failing to amend his *pro se* petition to include an allegation that his guilty plea was not knowing and voluntary where plea counsel "did not fully apprise him of what he was pleading guilty to." He argues that because the written petition did not include this claim, the petition necessarily did not adequately present his claims of constitutional violations and, therefore, postconviction counsel rendered unreasonable assistance in not supplementing the written petition. Further, defendant maintains that postconviction counsel did not overcome this unreasonable representation by orally raising the claim at the hearing on the State's motion to dismiss, where he argued that defendant's "lawyer did not make clear to him what he was, in fact, pleading guilty to," and that defendant "was under the impression that he was pleading guilty to felony murder." Defendant argues that postconviction counsel's failure is highlighted by the fact that the circuit court did not address the issue in deciding whether to grant the State's motion to dismiss.

¶ 27    After carefully reviewing the record, we find that defendant has failed to overcome the presumption that he received reasonable assistance of counsel as contemplated by Rule 651(c). The purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44. To this end, postconviction counsel is not required to explore, investigate, or formulate potential claims; rather, counsel "is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993). Furthermore, postconviction counsel is

not required to advance nonmeritorious claims on a defendant's behalf. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006)).

¶ 28 Here, the claim that defendant argues should have been added to his written petition is procedurally barred and therefore lacks merit. In proceedings on a successive postconviction petition, the doctrine of forfeiture prohibits a defendant from raising claims that could have been adjudicated in an earlier proceeding. See *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002); *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 21; see also 725 ILCS 5/122-3 (West 2014) (in a successive postconviction petition, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived"). Defendant could have raised his claim in his motion to withdraw his guilty plea, in a direct appeal (which it does not appear from the record that he pursued), or in his initial postconviction petition. He offers no excuse for failing to do so.

¶ 29 Moreover, defendant cannot allege to have newly discovered the facts underlying this claim. Postconviction counsel argued at the hearing on the State's motion to dismiss the successive petition that defendant's "lawyer did not make clear to him what he was, in fact, pleading guilty to," and that defendant "was under the impression that he was pleading guilty to felony murder." However, at sentencing, the trial court specifically stated it was imposing sentence "on the first degree murder count in count one to 28 years."

¶ 30 Even more telling, defendant's initial *pro se* postconviction petition demonstrates that by at least 2003, when he filed that petition, he understood he had not pled guilty to felony murder. In setting forth the factual background of his case in his initial petition, defendant recited that he had been charged with "First degree felony murder, First degree murder, vehicular Hijacking, Aggravated Battery and Burglary." He then wrote that his attorney told him "there could be no

lesser plea agreement than first degree felony murder," but crossed out the typed word "felony." Similarly, defendant wrote that at the plea conference, he was "offered first degree felony murder as the only plea option," but crossed out the typed words "felony murder" and replaced them with the hand-written word "murder." Defendant also wrote that his attorney informed him "that the plea agreement for first degree felony murder would insure that he would see his family again," but crossed out the word "felony." Finally, defendant wrote that he "was sentenced to 28 years for first degree felony murder," but crossed out the word "felony."

¶ 31    Consistent with the petition, in his attached memorandum, defendant alleged that his attorney told him a "plea agreement for first degree felony murder would insure that [he] saw his family again," but crossed out the word "felony." He also stated that he had "reluctantly accepted a guilty plea for first degree felony murder," but crossed out the word "felony."

¶ 32    In all, defendant made six distinct edits to his initial postconviction petition and supporting memorandum changing the description of the charge to which he pled guilty from "felony murder" to "murder." As such, defendant was aware that he did not plead guilty to felony murder at the time he filed his initial petition and cannot now claim that it was *after* he filed that petition that he discovered he did not plead guilty to felony murder. Given this, an attorney attempting to add such a claim to a successive petition would have been vulnerable to an argument from the State that his client failed the cause portion of the cause and prejudice test for filing. See *People v. Bailey*, 2017 IL 121450, ¶ 26 (at the second stage, the State may move to dismiss a successive petition for a defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition); 725 ILCS 5/122-1(f) (West 2014) (a defendant shows cause by

"identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings").

¶ 33    Based on the foregoing, defendant's underlying claim that his guilty plea was not knowing and voluntary because plea counsel "did not fully apprise him of what he was pleading guilty to" is forfeited. A forfeited claim precludes a defendant from obtaining relief and is, therefore, necessarily without merit. *Blair*, 215 Ill. 2d at 445. As noted above, postconviction counsel is not required to advance nonmeritorious claims on a defendant's behalf. *Pendleton*, 223 Ill. 2d at 472. Accordingly, in this case, we cannot find that postconviction counsel provided unreasonable assistance.

¶ 34    We are not persuaded otherwise by the authority defendant relies upon in his brief: *People v. Turner*, 187 Ill. 2d 406 (1999); *People v. Schlosser*, 2012 IL App (1st) 092523; and *Suarez*, 224 Ill. 2d at 37.

¶ 35    In both *Turner* and *Schlosser*, postconviction counsel failed to amend the defendant's petition to include and preserve a claim of ineffective assistance of appellate counsel, resulting in the waiver of that claim. In *Turner*, in addition to failing to make this "routine amendment," postconviction counsel also failed to amend the petition to include "essential elements of petitioner's legal claims," and our supreme court found that counsel "did not overcome these omissions *** by raising the additional elements of petitioner's claims at the hearing on the State's motion to dismiss the post-conviction petition." *Turner*, 187 Ill. 2d at 413, 414. Similarly, in *Schlosser*, this court found that postconviction counsel's statement during the hearing on the State's motion to dismiss that the defendant's "main claim" was ineffective assistance of appellate counsel did not function to amend the petition. *Schlosser*, 2012 IL App (1st) 092523, ¶ 28.

¶ 36 Here, in contrast to *Turner* and *Schlosser*, postconviction counsel did not fail to make a routine amendment to the petition or fail to amend the petition to include an essential element of a claim that was raised *pro se*. Rather, postconviction counsel simply did not amend the written petition to add an entirely new, non-routine claim that he made orally at the hearing on the State's motion to dismiss. *Turner* and *Schlosser* do not hold that any claim asserted or referenced by counsel at argument should also be made part of an amended written petition. Neither case affects our conclusion that postconviction counsel did not provide unreasonable assistance here.

¶ 37 Finally, we reject defendant's argument, based on *Suarez*, that where postconviction counsel failed to fulfill the duties imposed by Rule 651(c), remand is required regardless of whether the underlying claim has merit. In *Suarez*, postconviction counsel did not file a Rule 651(c) certificate and the record did not show he had consulted with the defendant. *Suarez*, 224 Ill. 2d at 40, 44. In these circumstances, our supreme court held that remand was required regardless of whether the claims raised in the petition had merit and that noncompliance with Rule 651(c) may not be excused on the basis of harmless error. *Id.* at 47, 52.

¶ 38 *Suarez* is distinguishable. In this case, in contrast to *Suarez*, postconviction counsel filed a Rule 651(c) certificate, giving rise to the rebuttable presumption that he performed the duties required by that rule. *Profit*, 2012 IL App (1st) 101307, ¶ 23. When the presumption of compliance is present, the question of an underlying claim's merit "is crucial to determining whether counsel acted unreasonably by not filing an amended petition." *Id.* Merit is a crucial consideration because " '[f]ulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf.' " *Id.* (quoting *Greer*, 212 Ill. 2d at 205). As our supreme court explained in *Greer*, if an amendment to a *pro se* petition would only

further a frivolous or patently nonmeritorious claim, then it is not a "necessary" amendment within the meaning of Rule 651(c). *Greer*, 212 Ill. 2d at 205.

¶ 39    In sum, postconviction counsel filed a Rule 651(c) certificate in the instant case, triggering the presumption of compliance with the rule. Defendant has not demonstrated that his *pro se* claim or the claim voiced by counsel at the hearing on the State's motion to dismiss had merit. Therefore, he has failed to rebut the presumption of compliance, and we cannot find that counsel provided an unreasonable level of assistance. Accordingly, defendant's contention fails.

¶ 40    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 41    Affirmed.