# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Profit*, 2012 IL App (1st) 101307

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHAUN PROFIT, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-10-1307 |
| Filed | June 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's successive postconviction petition was properly dismissed where the presumption that defendant's postconviction counsel complied with Supreme Court Rule 651(c) was triggered by the Rule 651(c) certificate filed by counsel, defendant did not rebut that presumption, and there was no basis for concluding that counsel failed to provide reasonable assistance. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 98-CR-22730; the Hon. Thomas M. Tucker, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Michele I. Lavin, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE STERBA delivered the judgment of the court, with opinion.

Presiding Justice Lavin and Justice Fitzgerald Smith concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant Shaun Profit appeals the trial court's dismissal, on motion of the State, of his successive postconviction petition. On appeal, defendant contends that his appointed postconviction counsel provided unreasonable assistance under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). He argues that counsel attempted but failed to adopt claims that he raised in various *pro se* pleadings and failed to make amendments that would have preserved his claims against procedural bars. For the reasons that follow, we affirm.

¶ 2                               BACKGROUND

¶ 3      Following a simultaneous but severed bench trial with his codefendant, Simione Dunn, defendant was convicted of attempted first degree murder and armed robbery and was sentenced to two consecutive 18-year prison terms. The underlying facts of the case are set forth in our decision on direct appeal and will be repeated here only briefly.

¶ 4      Defendant and codefendant were convicted primarily based on the testimony of the victim and Katrina Dent, who had negotiated an agreement with the prosecution wherein in exchange for her truthful testimony, she would be allowed to plead guilty to robbery and receive a sentence of probation. At trial, Dent testified that she, defendant, and codefendant planned to rob the victim at his apartment. Dent saw codefendant shoot the victim in the back of the head, and then, as she ran outside, saw defendant enter the apartment wearing latex gloves and carrying a gym bag. Later, codefendant told Dent that "Shaun took care of [her] boy."

¶ 5      The victim testified that even though he did not see defendant, he heard another person enter the apartment after he had been shot the first time. He heard codefendant say, "Shaun, watch them." The two men searched the apartment and asked several times where the money was. When the victim said he did not have any money, the person named Shaun shot him in the back of the neck, and codefendant said, "Come on, Shaun, let's go." The victim testified

that some money and a cell phone were taken from his apartment.

¶ 6      On direct appeal, defendant challenged the sufficiency of the evidence and contended that the statute authorizing consecutive sentences was unconstitutional under the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirmed defendant's conviction and sentence. *People v. Profit*, No. 1-00-0353 (2001) (unpublished order under Supreme Court Rule 23).

¶ 7      In 2002, defendant filed a *pro se* petition for postconviction relief, raising claims that his consecutive sentences violated *Apprendi* and that the State used perjured testimony of an alleged accomplice to obtain his conviction. The petition was summarily dismissed by the trial court as frivolous and patently without merit, and defendant appealed. We granted appellate counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed the dismissal of the petition. *People v. Profit*, No. 1-02-3154 (2003) (unpublished order under Supreme Court Rule 23).

¶ 8      Later in 2003, defendant filed a *pro se* pleading titled "Motion to File Second Post-Conviction Petition," along with a document titled "Memorandum of Law/Finding of Facts." In this petition, defendant made allegations that (1) he was not proved guilty beyond a reasonable doubt; (2) the trial court improperly consolidated the evidence in his and his codefendant's trials, even though the trials had been severed; (3) trial counsel failed to object to the "consolidation" of the evidence; (4) the State knowingly elicited false testimony from Dent; and (5) trial and appellate counsel were ineffective for not raising these issues.

¶ 9      Defendant's successive petition was not addressed by the trial court until 2005. At that time, the trial court docketed the petition and appointed counsel.

¶ 10      In July 2007, defendant filed a *pro se* pleading titled "Amended Petition." In this petition, defendant alleged that (1) the trial court erroneously held his and codefendant's severed trials at the same time; (2) the trial court erroneously consolidated the evidence from his and co-defendant's trials; (3) trial counsel was ineffective for failing to object to these actions of the trial court and preserve them for appeal; (4) he was denied due process when he received an enhanced sentence and the enhancement was not indicated on the indictment; and (5) the evidence was insufficient to convict.

¶ 11      In August 2007, the State filed a motion to strike defendant's *pro se* amended petition, arguing that defendant had no authority to file such a pleading while he was represented by counsel. At the hearing on the motion, postconviction counsel asked the trial court to defer ruling until he decided whether he would be preparing his own supplemental petition. The trial court denied counsel's request and granted the motion to strike the *pro se* pleading.

¶ 12      In October 2007, defendant filed a *pro se* pleading titled "Supplemental Post-Conviction Petition for Relief." In this pleading, defendant raised claims that (1) he was denied due process and equal protection where the State failed to disclose, prior to his decision to waive a jury trial, that Dent had "received a deal for probation"; (2) his consecutive sentences were disparate to his codefendant's concurrent sentences; (3) the State knowingly relied on Dent's perjured testimony; and (4) appellate counsel was ineffective for failing to raise the issue of the State's use of Dent's testimony. Defendant attached an affidavit averring that had he known Dent "was promised a deal for her testimony," he would have chosen to be tried by

a jury.

¶ 13 Two years later, in October 2009, postconviction counsel filed a Rule 651(c) certificate, indicating that he had consulted with defendant by letter and telephone on numerous occasions to ascertain his contentions of deprivations of constitutional rights; had obtained and examined the report of proceedings, trial transcript, common law record, and appellate transcripts; and had informed defendant that he must obtain leave to file a successive postconviction petition. Counsel further included the following paragraph:

> "I have examined the Petitioner's November 12, 2003, *pro se* Post-Conviction Petition, his July 9, 2007, Amended Petition and his October 17, 2007, *pro se* Supplemental Post-Conviction Petition dismissed by this Court on September 23, 2008, and they adequately present his claims of deprivations of constitutional rights, thus, there is nothing that can be added by an amended or additional supplemental petition."

Orally, postconviction counsel stated that he was prepared to file the certificate, but wanted to ask the court to reconsider its dismissal of a pleading defendant had filed "about a year ago" so that all of defendant's arguments could be before the court. The State objected, arguing that because defendant had no authority to file *pro se* pleadings while represented by counsel, the claims raised in those pleadings were properly dismissed. The trial court responded, "And they were dismissed, and they will remain dismissed."

¶ 14 The State thereafter filed a motion to dismiss defendant's postconviction petition on the basis that he had not met the cause-and-prejudice test and his claims were procedurally barred from consideration by the doctrines of *res judicata* and collateral estoppel. Following a hearing, the trial court granted the motion to dismiss.

¶ 15 On appeal, defendant contends that postconviction counsel provided unreasonable assistance under Rule 651(c) where counsel attempted to adopt the claims from defendant's *pro se* pleadings, but failed to do so, and where counsel failed to make amendments that would have preserved his claims. Defendant argues that the last paragraph of the Rule 651(c) certificate, along with counsel's comments to the court when presenting the certificate, demonstrate that counsel intended to adopt the claims set forth in all three of defendant's *pro se* pleadings. He argues that because the trial court had indicated the claims in the *pro se* amended petition and *pro se* supplemental petition would "remain dismissed," counsel acted unreasonably in not filing an amended or supplemental petition presenting those claims. Defendant further argues that counsel failed to provide reasonable assistance under Rule 651(c) where he did not amend the petition in response to the State's motion to dismiss. He maintains that counsel should have made amendments responding to the procedural bars raised by the State, in particular, the cause-and-prejudice test and *res judicata*.

¶ 16                                     ANALYSIS

¶ 17 Our review of an attorney's compliance with a supreme court rule, as well as the dismissal of a postconviction petition on motion of the State, is *de novo. People v. Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 18 Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)), petitioners are entitled to a "reasonable" level of assistance of counsel. *People v. Perkins*,

229 Ill. 2d 34, 42 (2007). To ensure this level of assistance, Rule 651(c) imposes three duties on appointed postconviction counsel. *Perkins*, 229 Ill. 2d at 42. Pursuant to the rule, either the record or a certificate filed by the attorney must show that counsel (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations; (2) examined the record of the trial proceedings; and (3) made any amendments to the filed *pro se* petitions necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984); *Perkins*, 229 Ill. 2d at 42. The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44. Substantial compliance with Rule 651(c) is sufficient. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008).

¶ 19　　The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that post-conviction counsel provided reasonable assistance. *Jones*, 2011 IL App (1st) 092529, ¶ 23. In the instant case, counsel filed a Rule 651(c) certificate. Thus, the presumption exists that defendant received the representation required by the rule. It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c). *Id.*

¶ 20　　Defendant maintains that he has rebutted the presumption of substantial compliance. He argues that because counsel failed to properly present the claims he raised in his *pro se* amended petition and *pro se* supplemental petition, the trial court did not consider those claims in making its ruling. In this way, according to his argument, counsel's representation was inadequate.

¶ 21　　In his opening brief, defendant did not argue that any of the claims raised in his *pro se* amended petition and *pro se* supplemental petition had merit. After the State pointed out this deficiency in its brief, defendant argued in his reply brief that he need not demonstrate the merit of the excluded claims because Rule 651(c) violations require reversal regardless of whether the claims raised in the petition have merit and that such violations are not subject to harmless error analysis. We disagree.

¶ 22　　In support of his argument that merit is irrelevant, defendant relies upon *People v. Suarez*, 224 Ill. 2d 37 (2007). In *Suarez*, our supreme court found that postconviction counsel failed to comply with Rule 651(c) because he did not file a Rule 651(c) certificate and the record did not show he had consulted with the defendant. *Suarez*, 224 Ill. 2d at 40, 44. In this context, the *Suarez* court held that remand is required regardless of whether the claims raised in the petition have merit and that noncompliance with Rule 651(c) may not be excused on the basis of harmless error. *Suarez*, 224 Ill. 2d at 47, 52.

¶ 23　　Here, unlike *Suarez*, counsel filed a Rule 651(c) certificate, giving rise to a rebuttable presumption that he performed the duties required by that rule. *Jones*, 2011 IL App (1st) 092529, ¶ 23. Defendant maintains that the presumption was rebutted by counsel's failure to file an amended petition raising certain additional *pro se* allegations filed by defendant, which were stricken by the court. Contrary to defendant's claim, we believe that the question of whether the *pro se* allegations had merit is crucial to determining whether counsel acted unreasonably by not filing an amended petition. As our supreme court stated in *People v. Greer*, 212 Ill. 2d 192, 205 (2004), "Fulfillment of the third obligation under Rule 651(c)

-5-

does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule."

¶ 24    The parties have identified only two claims in the *pro se* amended petition and *pro se* supplemental petition that were not also included in the properly filed successive petition.

¶ 25    One of these two claims is defendant's assertion that his consecutive sentences were disparate to the concurrent sentences of his codefendant, Simione Dunn. This argument is indisputably without merit because Dunn did not receive concurrent sentences. Not only was Dunn initially sentenced to consecutive terms of 18 years' imprisonment, but after remand, he received the same consecutive sentences. See *People v. Dunn*, No. 1-05-2333, slip op. at 1, 2 (2007) (unpublished order under Supreme Court Rule 23). We cannot find that counsel provided unreasonable assistance by failing to ensure the trial court considered this meritless claim.

¶ 26    The second claim raised for the first time in the stricken *pro se* pleadings is defendant's argument that he was denied due process and equal protection where the State failed to disclose, prior to his decision to waive a jury trial, that Dent had "received a deal for probation." Defendant argues that had he known of Dent's arrangement with the State, he would have elected a trial by jury.

¶ 27    Defendant did not include this claim in his initial postconviction petition. The Post-Conviction Hearing Act specifically provides that any claim of substantial denial of constitutional right not raised in the original or an amended petition is waived. 725 ILCS 5/122-3 (West 2008). In a case not involving the death penalty, the failure to raise a claim in an initial petition will be excused only where a defendant sets forth a claim of actual innocence or where fundamental fairness so requires. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458-59 (2002). The cause-and-prejudice test is applied to determine whether fundamental fairness requires that a claim raised in a successive petition may be considered on its merits. *Pitsonbarger*, 205 Ill. 2d at 459.

¶ 28    In the instant case, defendant is not claiming actual innocence. He also has not argued the existence of "cause," that is, "any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim at the initial postconviction proceeding." *Pitsonbarger*, 205 Ill. 2d at 462. Defendant has not offered any explanation as to why his jury waiver argument was not included in his first postconviction petition. Where defendant, with the assistance of appellate counsel in this court, has not even suggested how "cause" could have been shown, we decline to find that postconviction counsel acted unreasonably in failing to properly place the jury waiver claim before the trial court.

¶ 29    Defendant further argues that counsel failed to provide reasonable assistance under Rule 651(c) where he did not amend the petition in response to the procedural bars raised by the State in its motion to dismiss, in particular, the cause-and-prejudice test and *res judicata*. Once again, defendant has not identified what arguments in particular counsel could have made in such a response. In these circumstances, we will not find that postconviction counsel provided unreasonable assistance in failing to make unspecified arguments.

¶ 30 Our conclusion is supported by the supreme court's decision in *People v. Perkins*, 229 Ill. 2d 34 (2007). There, the court held that counsel's duties under Rule 651(c) include amending an untimely petition to allege "any available facts" that would excuse the late filing. *Perkins*, 229 Ill. 2d at 37, 49. In that case, postconviction counsel filed a Rule 651(c) certificate that did not address the late filing, and counsel did not amend the petition in response to the State's motion to dismiss the petition as untimely. *Perkins*, 229 Ill. 2d at 38-39. Although counsel "in effect" argued that the defendant was not culpable for the delay, the argument was without merit, causing the defendant to argue on appeal that counsel simply did not understand the law. *Perkins*, 229 Ill. 2d at 40, 51. The supreme court disagreed, stating that there was nothing in the record that showed a good excuse for the delay and that the court would not assume the existence of "some other excuse counsel failed to raise for the delay in filing." *Perkins*, 229 Ill. 2d at 51. Under these circumstances, the court held that the record did not rebut counsel's representation in his certificate that no amendments were necessary. *Perkins*, 229 Ill. 2d at 52.

¶ 31 In the instant case, postconviction counsel filed a Rule 651(c) certificate, thus triggering the presumption of compliance with the rule. Defendant has failed to rebut the presumption. Accordingly, we cannot find that counsel provided an unreasonable level of assistance. Dismissal of defendant's petition was proper.

¶ 32                                  CONCLUSION

¶ 33 For the reasons explained above, we affirm the judgment of the circuit court.

¶ 34 Affirmed.