2020 IL App (1st) 170489-U

Third Division
December 23, 2020

No. 1-17-0489

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 C3 30177 |
| | ) | |
| WILLIAM DADDONO, | ) | Honorable |
| | ) | James Karahalios, |
| Petitioner-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order dismissing petitioner's post-conviction petition at the second stage is affirmed over his contention that post-conviction counsel rendered unreasonable assistance.

¶ 2    Petitioner William Daddono (sometimes referred to in the record as Daddano) appeals the circuit court's second-stage dismissal of his petition for relief filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). On appeal, he contends that he received unreasonable assistance from his postconviction counsel because counsel failed to (1)

amend his *pro se* petition to adequately present his claim that his trial counsel was ineffective for coercing his guilty plea and (2) review transcripts of a bond hearing during which petitioner contends the circuit court engaged in judicial misconduct. We affirm.

¶ 3                                                  BACKGROUND

¶ 4       In June 2013, petitioner pleaded guilty to aggravated driving under the influence (DUI). 625 ILCS 5/11-501(a)(1) (West 2012). During the plea proceedings, petitioner was represented by attorney Lynn Palac. During the plea hearing and in response to questioning by the circuit court, petitioner stated that he was pleading guilty voluntarily and not in response to any threats or promises (other than the sentence discussed).

¶ 5       Thereafter, the State presented a factual basis for petitioner's guilty plea. The State explained that, if the case proceeded to trial, Cook County Sheriff's Police Department Officer Mortakis would testify that on the evening of August 15, 2012, he responded to a call reporting a hit-and-run in Schaumburg, Illinois. Officer Mortakis would further testify that petitioner was identified by Ann Garcia as the driver of a vehicle that struck her vehicle, causing damage, and then drove away. Officer Mortakis would then testify that petitioner was apprehended a short distance from the accident scene and that petitioner "appeared to be highly intoxicated and in a semiconscious state as he sat behind the wheel of his motor vehicle."

¶ 6       The State further explained that, if called to testify, Garcia would provide identification testimony pinpointing petitioner as the person who drove a vehicle into her car, resulting in damage to her vehicle. Garcia would further testify that petitioner then drove away from the scene.

¶ 7     The State further explained that, if called to testify, medical staff from Northwest Community Hospital in Arlington Heights, Illinois, would testify that they performed a blood draw on petitioner using a DUI kit.

¶ 8     Laura Dedonne would then testify that she worked as a forensic scientist with the Illinois State Police Crime Laboratory. She would explain that she received two sealed vials of blood that were drawn from defendant by medical staff at Northwest Community Hospital. Dedonne tested the blood samples and determined that petitioner's blood alcohol concentration was .228.

¶ 9     At the conclusion of the hearing, the court accepted petitioner's guilty plea and sentenced him to six years imprisonment and two years of mandatory supervised release.

¶ 10     In July 2013, petitioner, through a new attorney, filed a motion to vacate his guilty plea. Petitioner alleged that attorney Palac failed to inform him how pleading guilty would affect proceedings in a separate DUI case pending against defendant in DuPage County. In April 2014, petitioner withdrew his motion to vacate his guilty plea.

¶ 11     In March 2015, petitioner filed the instant *pro se* post-conviction petition at issue in this appeal. Petitioner alleged that (1) attorney Palac coerced him into pleading guilty, (2) the judge presiding over the case engaged in misconduct by urging the State to upgrade the charges, and (3) his sentence was excessive.

¶ 12     On June 19, 2015, the circuit court docketed petitioner's petition for second-stage proceedings and appointed counsel to represent him. Attorney Michelle Hendrickson received the appointment.

¶ 13     Between September 2015 and February 2016, the court held a series of status conferences. During this time, attorney Hendrickson informed the court that she (1) was

investigating petitioner's *pro se* claims, (2) had spoken to the attorneys involved in the case, and (3) was in the process of obtaining certified convictions from the DuPage County Courthouse. In addition, during three separate status conferences, Hendrickson discussed her efforts to review the record in the case. Hendrickson explained that she had ordered a transcript and determined that she needed to review an additional date "to complete my requirements under 651(c)[,]" and had "obtained all the necessary transcripts[.]" Hendrickson also noted that she was having a "little bit of difficulty" communicating with petitioner because he had been taken into federal custody.

¶ 14    In May 2016, Hendrickson filed a Rule 651(c) certificate. The certificate stated:

> "1. I have consulted with Petitioner, William Daddono, an inmate in the Metropolitan Correctional Center by phone and in person to ascertain his contentions of deprivations of his constitutional rights.
>
> 2. I have obtained and examined the pertinent portions of the Report of Proceedings of June 25, 2013, in which Petitioner William Daddono appeared in court and pled guilty before Honorable Judge Ellen Beth Mandeltort.
>
> 3. I have examined Petitioner's pro se Post-Conviction petition. There is no supplementation necessary for an adequate presentation of Petitioner's contentions."

¶ 15    In August 2016, the State filed a motion to dismiss petitioner's petition. Hendrickson did not amend petitioner's petition or offer any written or verbal response to the State's motion.

¶ 16    In February 2017, the court held a hearing on the State's motion. During the hearing, Hendrickson explained the nature of petitioner's *pro se* claims and noted that "we're standing on

the petition as it is filed." The court then asked whether there was "any specificity to any of these charges that were alleged[.]" In response, Hendrickson stated, "No, Judge, there weren't. I did make phone calls. I did my requirements under 651(c). I was unable to supplement the petition in any means."

¶ 17    The court then granted the State's motion and dismissed petitioner's petition. This appeal followed.

¶ 18                                ANALYSIS

¶ 19    On appeal, petitioner maintains that post-conviction counsel rendered unreasonable assistance by failing to amend his *pro se* petition to (1) present his claims in the proper format and (2) attach relevant portions of the record to support of his claims.

¶ 20    The Act provides a method by which a petitioner can assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2014); *People v. Tate*, 2012 IL 112214, ¶ 8. The Act generally proceeds in three stages. *People v. Edwards*, 197 Ill. 2d 239, 243-46 (2001). At the first stage, the circuit court has 90 days to independently review the petition to determine whether it is frivolous or patently without merit. *Id.* at 244.

¶ 21    At the second stage, indigent petitioners are entitled to counsel, and the State may file responsive proceedings. *Id.* at 245-46. This stage "tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true." *People v. Domagala,* 2013 IL 113688, ¶ 35. Conclusory assertions, however, are insufficient to require a hearing under the Act. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). A petitioner is not entitled to an evidentiary hearing as a matter of right. *People v. Gaucho*, 2012 IL App (1st)

091675, ¶16. The petition will be dismissed at the second stage if the circuit court determines that "the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006); *Edwards*, 197 Ill. 2d at 246.

¶ 22    The right to postconviction counsel is statutory and entitles petitioners to a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Reasonable assistance is provided as a matter of "legislative grace" and is a less rigorous standard than the constitutional guarantee of effective assistance of counsel. *People v. Cotto*, 2016 IL 119006, ¶¶ 29, 45 (quoting *People v. Hardin*, 217 Ill. 2d 289, 299 (2005)). To ensure that reasonable assistance is provided, Rule 651(c) imposes three duties on postconviction counsel. Ill. Sup. Ct. R. 651(c) (eff. Feb. 6, 2013); *Suarez*, 224 Ill. 2d at 42. Under Rule 651(c), the record must show that postconviction counsel (1) consulted with petitioner to ascertain his claims of deprivation of constitutional rights, (2) examined the trial record, and (3) made amendments to the *pro se* petition which were necessary to adequately present petitioner's contentions. *Id.* Substantial compliance with Rule 651(c) is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We review postconviction counsel's compliance with Rule 651(c) *de novo*. *Suarez*, 224 Ill. 2d at 41-42.

¶ 23    The filing of a Rue 651(c) certificate triggers a rebuttable presumption that post-conviction counsel rendered reasonable assistance during the second-stage proceedings. *Profit*, 2012 IL App (1st) 101307, ¶ 19. To rebut that presumption, the petitioner bears the burden of showing that post-conviction counsel substantially failed to comply with the duties imposed by Rule 651. *Id.*

¶ 24    Here, petitioner maintains that he has rebutted the presumption because Hendrickson did not amend his *pro se* petition to attach necessary transcripts or present his claims in the proper legal format. We should be begin by noting that, at the second-stage, post-conviction counsel is only required to investigate and properly present petitioner's claims. *People v. Davis*, 156 Ill. 2d 149, 164 (1993). There is no hard and fast rule requiring post-conviction counsel to amend a *pro se* petition in every case. Rather, amendment is required only when "necessary for an adequate presentation of petitioner's contentions." *People v. Turner*, 187 Ill. 2d 406, 410 (1999) (quoting Ill. S. Ct. R. 651(c)).

¶ 25    Thus, the decision of appointed counsel to not amend petitioner's *pro se* petition does not constitute a deprivation of adequate representation where the *pro se* claims lack a sufficient factual basis. See *People v. Bass*, 2018 IL App (1st) 152650, ¶ 16 ("[O]bviously, not every petition can be amended to state a substantial constitutional claim."). Indeed, postconviction counsel is not required "to advance frivolous or spurious claims on defendant's behalf," and "[i]f amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 26    The first of two alleged problems with postconviction counsel's performance is in regard to petitioner's guilty plea. Petitioner claims that his trial counsel provided ineffective assistance in coercing him into a guilty plea and in failing to coordinate the plea proceedings here with those taking place in his other pending DUI prosecution in DuPage County.

¶ 27    Ineffective assistance claims, of course, are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate ineffective assistance generally, petitioner must show (1)

deficient performance by trial counsel and (2) prejudice resulting from that deficient performance. *People v. Hughes*, 2012 IL 112817, ¶ 44. More specifically to claims of ineffective assistance in advising petitioner on a guilty plea, the "prejudice" prong requires a showing that the defendant would not have pleaded guilty absent trial counsel's deficient performance, and the defendant was either actually innocent or could have at least asserted a colorable defense to the charges at trial. *Id.* ¶ 64; *People v. Hall*, 217 Ill. 2d 324, 336-37 (2005).

¶ 28    Petitioner's point here is that his initial petition failed to articulate the "prejudice" component of *Strickland*—namely, that he either was innocent or that he had a colorable defense to the DUI charge—and indeed, the State hammered home those points in moving to dismiss the postconviction petition, arguing that petitioner "has not even attempted to satisfy the [prejudice] prong of *Strickland*" and "failed to present a plausible defense he could have presented at trial." In petitioner's eyes, the State's argument, which carried the day below, is precisely the point he is making on appeal—postconviction did nothing to *remedy* those obvious deficiencies in the petition, leaving the petition helpless against the motion to dismiss.

¶ 29    It's a fair point, to be sure, but we are also cognizant, as noted earlier, that "not every petition can be amended to state a substantial constitutional claim." *Bass*, 2018 IL App (1st) 152650, ¶ 16. Here, the record shows that the evidence against petitioner was ironclad. Had the case gone to trial, the State would have presented eyewitness testimony identifying defendant as the offender; testimony from the responding police officer describing his observations of defendant's physical state shortly after the incident; and testimony from a forensic scientist showing that defendant's blood alcohol concentration was almost three times the legal limit.

¶ 30     On this record, there is simply nothing that Hendrickson could have added to petitioner's petition to claim either actual innocence or a colorable defense at trial. As noted, "[i]f amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *Greer*, 212 Ill. 2d at 205. Thus, on this record, we cannot find that the presumption of reasonable assistance of counsel has been overcome on this first point of error.

¶ 31     The second point of error is a closer call, but the result is the same. The second claim in the postconviction petition was one of "judicial misconduct" by the judge at petitioner's "preliminary hearing," at which, petitioner alleges, the judge urged the State to upgrade the charges against petitioner from a Class 2 to a Class 1 felony. While the postconviction petition was pending at the first stage, petitioner filed a written request for transcripts from "court proceedings including the subsequent bond hearing upon upgrade to felony."

¶ 32     Petitioner's point on appeal is that counsel should have amended the petition, at the very least, to reflect that the original petition's reference to the judge's behavior at the "preliminary" hearing should have been the "bond" hearing, where petitioner alleges the supposed "judicial misconduct" took place. Beyond that, says petitioner, counsel should have also appended the transcript from the bond hearing to an amended petition.

¶ 33     Again, these are fair points, but we nevertheless find no basis for reversal. For one thing, the claim of "judicial misconduct" is that the bond hearing judge "urg[ed] and suggest[ed]" that prosecutors upgrade the felony charges. But judges have no ability to order the bringing or upgrading of charges. *People v. Clark*, 2019 IL 122891, ¶ 51. "Rather, the state's attorney has the exclusive discretion to decide which of several charges shall be brought or whether to

prosecute at all." *Id.*; see also *People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45 (1983) ("It is a familiar and firmly established principle that the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution."). The decision to upgrade the charge belonged to the prosecutor and the prosecutor alone, notwithstanding whatever a judge might have "urged" or "suggested."

¶ 34     This claim might find firmer ground had the bond court judge been the same judge who sentenced defendant. In that instance, there *might* be some basis for claiming that the sentencing judge did not act with an open, impartial mind. But the record shows here, not surprisingly, that the judge who presided over petitioner's bond hearing was not the judge who accepted petitioner's guilty plea and imposed his sentence. So we can see no way in which the bond court judge's alleged suggestion of higher charges to the State could have had any impact on the state of mind of the judge who ultimately sentenced him.

¶ 35     And thus, we can think of no way in which postconviction counsel could have amended this petition to transform it into a viable theory. Counsel was not required to amend a petition that advanced a frivolous claim. *Greer*, 212 Ill. 2d at 205; *Bass*, 2018 IL App (1st) 152650, ¶ 16. Once more, petitioner cannot overcome the presumption of reasonable assistance.

¶ 36                                    CONCLUSION

¶ 37     The judgment of the circuit court of Cook County is affirmed.

¶ 38     Affirmed.