2022 IL App (1st) 200045

FIFTH DIVISION
May 13, 2022

No. 1-20-0045

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 13 CR 895002 |
| | ) | |
| DONALD TILLERY, | ) | Honorable Thomas Joseph Hennelly, |
| Petitioner-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1     *Held:* The petitioner received reasonable assistance from his appointed postconviction counsel. We therefore affirm the second-stage dismissal of his postconviction petition.

¶ 2     Petitioner Donald Tillery appeals the second-stage dismissal of his postconviction petition, arguing that his postconviction counsel provided unreasonable assistance in violation of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to adequately examine the trial record and amend his petition. We affirm.

¶ 3     We discuss only the facts necessary for the disposition of the issues in this appeal. A more thorough recitation of the facts is included in petitioner's direct appeal. See *People v. Tillery*, 2016 IL App (1st) 143101-U.

¶ 4     Petitioner was indicted for delivery of a controlled substance and possession of a controlled substance with intent to deliver stemming from a controlled buy conducted by Chicago police on April 14, 2013. After a bench trial, the circuit court found petitioner guilty of both counts. The court determined that petitioner qualified for class X sentencing based on his record and imposed a 10-year sentence on count I, with a concurrent one-year sentence on count II. Petitioner challenged his sentence on direct appeal and we affirmed. See *id*.

¶ 5     On December 28, 2016, petitioner filed a *pro se* postconviction petition in which he alleged five claims: (1) ineffective assistance of posttrial counsel for failing to file a motion to reconsider sentence; (2) ineffective assistance of trial counsel for failures to file a motion to quash, inform him of an offer for a plea agreement, call certain witnesses at trial, conduct an investigation prior to trial, and make certain objections during trial; (3) the State failed to prove him guilty beyond a reasonable doubt; (4) the State violated *Brady* by failing to provide full disclosures of requested discovery; and (5) his conviction violated the one-act/one-crime doctrine. Petitioner submitted a notarized affidavit in support of his petition, declaring that all the facts alleged were true and correct.

¶ 6     The circuit court advanced the petition to the second stage and appointed Assistant Public Defender (APD) Tiffin Price-Horton to represent petitioner. On March 31, 2017, APD Price-Horton appeared for a status hearing and informed the court that she had been recently appointed and "prepare[d] some orders for the Court" to obtain petitioner's records. In a hearing on October 20, 2017, when APD Price-Horton told the court that she was only assigned to the case "sometime

this summer," the court clarified that the petition had been filed in December 2016. The court asked APD Price-Horton if she was going to file a supplemental petition and she responded that she was either going to file a supplemental petition or a "1-51-C." The matter was continued several more times at status hearings during which APD Price-Horton did not appear.

¶ 7     On May 31, 2018, APD Price-Horton filed a certificate under Rule 651(c), certifying that she: (1) consulted with petitioner "by letter and phone to ascertain his contentions of deprivations of constitutional rights"; (2) "obtained and examined the transcript of his bench trial and sentencing in this case"; and (3) did not file "an Amended Petition for Post-Conviction Relief," because the *pro se* petition "adequately sets forth the petitioner's claims [for] ineffective assistance of counsel and [] deprivation of his constitutional rights." She filed an identical amended certificate on June 12, 2018.

¶ 8     On October 5, 2018, the State moved to dismiss the petition. During a hearing on the motion, APD Price-Horton stated that she wanted to file a response, and the court scheduled a hearing on the State's motion. APD Price-Horton did not file a response to the State's motion to dismiss.

¶ 9     At the January 14, 2019 hearing on the State's motion to dismiss, APD Price-Horton stated that she "reviewed both the Public Defender's trial file as well as subpoenaed and reviewed the Cook County hospital records to determine whether or not there was some sort of mental impairment, perhaps, that was not addressed. I was unsuccessful. There was nothing that would lead me to believe that." She also stated that through her investigator, she tried to obtain witnesses from petitioner, "but they were not forthcoming, so I was unable to investigate that which [*sic*] he says in his post-conviction." APD Price-Horton stated that the witnesses "were not investigated, but were not tendered any mentioned [*sic*]." APD Price-Horton also stated that she reviewed the

mandate from the 2014 direct appeal. She stated that she filed the Rule 651(c) certificate and stood on what petitioner tendered to her.

¶ 10    On December 6, 2019, the circuit court granted the State's motion and dismissed the postconviction petition. This appeal followed.

¶ 11                                   ANALYSIS

¶ 12    On appeal, petitioner argues that postconviction counsel failed to comply with Rule 651(c). He contends that the Rule 651(c) certificate was deficient because postconviction counsel failed to certify that she examined the record of the proceedings at trial and took no action whatsoever to properly support or amend his *pro se* petition into proper legal form.

¶ 13    Postconviction proceedings contain three stages. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the circuit court independently reviews the petition, takes the allegations as true, and determines whether the petition is frivolous or patently without merit. *Id*. A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact. *Id*. If the court does not summarily dismiss the petition, it advances to the second stage, where counsel may be appointed to an indigent petitioner, and where the State may respond to the petition. *Id*. ¶ 10. At this stage, the court determines whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *Id*. If no such showing is made, the petition is dismissed.  Otherwise, the petition is advanced to the third stage for an evidentiary hearing. *Id*.

¶ 14    Here, the petition was dismissed at the second stage of proceedings. During the second stage of proceedings, a petitioner bears the burden of making a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 35. This stage, however, only tests the legal sufficiency of the petition. Unless the allegations in the petition are positively

rebutted by the record, they are taken as true, and the question to be resolved at the second stage is whether those allegations establish a constitutional violation. *Id*. "In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original and internal citation omitted.) *Id*. We review the circuit court's dismissal of a postconviction petition at the second stage *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 15    Petitioner has not challenged the dismissal of his postconviction petition on the merits. Thus, he has forfeited any argument that his claims of constitutional deprivation were meritorious. *People v. Cotto*, 2016 IL 119006, ¶ 49; Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing").

¶ 16    A defendant does not have a constitutional right to assistance of counsel in postconviction proceedings, and the right to appointed counsel at the second stage of postconviction review in Illinois is a statutory creation. *People v. Johnson*, 2018 IL 122227, ¶ 16. Accordingly, a claim that postconviction counsel's performance was inadequate is not reviewed under the ineffective assistance standard, but the lower reasonable assistance standard. *People v. Custer*, 2019 IL 123339, ¶ 30. Rule 651(c) outlines the steps an attorney must take to provide reasonable assistance, including the requirement to certify her efforts in detail on the record. *Id.* ¶ 32; Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Specifically, the rule requires that postconviction counsel certify that she consulted with the petitioner "to ascertain his or her contentions of deprivation of constitutional rights," examined the record of trial proceedings, and amended the petition as "necessary for an adequate presentation" of the petitioner's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 17    "The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id.* We review whether postconviction counsel substantially complied with Rule 651(c) *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 18    Here, postconviction counsel filed a Rule 651(c) certificate that stated she had (1) consulted with petitioner "by letter and telephone to ascertain his contentions of deprivations of constitutional rights"; (2) "obtained and examined the transcript of his bench trial and sentencing in this case"; and (3) did not file "an Amended Petition for Post-Conviction Relief," because the *pro se* petition "adequately sets forth the petitioner's claims [for] ineffective assistance of counsel and [] deprivation of his constitutional rights." Because postconviction counsel filed a Rule 651(c) certificate, she is presumed to have provided reasonable assistance to petitioner.

¶ 19    Petitioner offers no argument in either his opening or reply briefs regarding whether this presumption has been rebutted. Instead, he argues that postconviction counsel failed to comply with Rule 651(c). According to petitioner, postconviction counsel failed to properly review the entire trial record and should have amended his *pro se* petition by putting it in proper legal form and attaching necessary witness affidavits to support the petition. After carefully reviewing the record, we find that petitioner has failed to overcome the presumption that postconviction counsel provided reasonable assistance during second stage proceedings.

¶ 20    First, we address petitioner's contention that postconviction counsel failed to comply with Rule 651(c) because she was not sufficiently familiar with the trial record. He argues that although counsel "may have examined the *report of proceedings* from the trial and sentencing, since counsel

explicitly stated in the certificate that she examined those portions, there is *no* indication counsel examined the trial *common law record* or the *exhibits*." (Emphasis in original.)

¶ 21    The record belies petitioner's contention. Although postconviction counsel certified that she "obtained and examined the transcript of his bench trial and sentencing in this case," she also stated during the hearing on the State's motion to dismiss that she reviewed the public defender's trial file and the 2014 mandate from this court on petitioner's direct appeal.

¶ 22    "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' " *Pendleton*, 223 Ill. 2d at 475-76 (quoting *Davis*, 156 Ill. 2d at 164). Other than counsel's language in the certificate, petitioner has failed to show that counsel's examination of the record was insufficient. He does not point to any errors or misstatements in court but rather assumes that counsel failed to substantially comply. Petitioner has not overcome the presumption that counsel substantially complied with Rule 651(c).

¶ 23    Petitioner, however, cites *People v. Blanchard*, 2015 IL App (1st) 132281 to support his argument that postconviction counsel's Rule 651(c) certificate "does not warrant a presumption of compliance" because "it plainly states that counsel only reviewed the '[r]eport of proceedings" from trial. In *Blanchard*, the defendant did not argue that he had rebutted the presumption of substantial compliance, but rather contended that postconviction counsel failed to indicate on the Rule 651(c) certificate that counsel examined the exhibits, specifically a lineup photo and the victim's bank card. The failure to examine those exhibits required reversal because there, the postconviction petition identified specific exhibits as a basis for the petition. *Blanchard*, 2015 IL App (1st) 132281, ¶ 18. Petitioner in this case has not identified a similar concern, but only broadly argued that postconviction counsel failed to review the entire record. This is distinguishable from

*Blanchard*, wherein the court noted a specific reference to relevant trial exhibits at issue in the postconviction petition. The *Blanchard* court also stated that "nothing in Rule 651(c) suggests that the certificate is intended to be a *comprehensive recounting* of all of an attorney's postconviction efforts." (Emphasis added.) *Id*. Petitioner simply cherry picks what he perceives to be the flaws of postconviction counsel's familiarity with the record without offering any argument regarding overcoming the presumption of substantial compliance. *Blanchard* is not analogous to this case.

¶ 24    We find this court's decision in *People v. Richardson*, 382 Ill. App. 3d 248 (2008) to be more relevant to the issue presented here. The *Richardson* court held a Rule 651(c) certificate was sufficient because postconviction counsel "consulted with [the petitioner] by letters," "obtained and examined the report of proceedings [in the petitioner's] trial," and "prepared a supplemental petition for postconviction relief 'augmenting [the petitioner's] previously filed Petition.' " *Id.* at 251. The reviewing court found that counsel had substantially complied with Rule 651(c) despite the "alleged shortcomings" of the certificate. *Id.* at 257. The court further observed that were it "to find counsel's certificate in this case insufficient to pass muster under Rule 651(c), we would be hard-pressed to conceive of a certificate that would demonstrate counsel's compliance, short of one that exactly mirrors the language of the rule." *Id.*

¶ 25    Here, postconviction counsel stated in her certificate that she obtained and examined the transcript of his bench trial and sentencing in this case. Additionally, postconviction counsel informed the circuit court that she reviewed petitioner's trial file for her investigation of petitioner's postconviction claims. We find that postconviction counsel substantially complied with Rule 651(c) regarding review of the trial record. Nothing in the record before this court suggests that counsel failed to examine all relevant portions of the trial record pertinent to

petitioner's postconviction claims. Since counsel filed a Rule 651(c) certificate, petitioner has not overcome the presumption that counsel substantially complied in this argument.

¶ 26    Next, petitioner argues that postconviction counsel also failed to comply with Rule 651(c) by not amending his *pro se* petition or attaching necessary evidence in support of the petition. He contends that this failure rendered his second stage petition subject to dismissal.

¶ 27    Postconviction counsel is under no obligation to amend a petition to pursue a meritless claim, as such an amendment is not "necessary" per the statute. See *People v. Collins*, 2021 IL App (1st) 170597, ¶ 38 (citing *People v. Greer*, 212 Ill. 2d 192, 205 (2004)). As our supreme court has explained, if an amendment to a *pro se* postconviction petition "would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *Greer*, 212 Ill. 2d at 205. Illinois courts have repeatedly held that "the purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 43-44 (2007) (citing *People v. Pinkonsly*, 207 Ill. 2d 555, 568 (2003)).

¶ 28    Initially, we must emphasize that not even petitioner himself argues that the dismissed claims in his *pro se* petition had merit, and his failure to argue any of them before this court supports the conclusion that postconviction counsel was not unreasonable for not amending the petition, despite her unsuccessful efforts to obtain additional evidentiary support. See *Profit*, 2012 IL App (1st) 101307, ¶ 23 ("we believe that the question of whether the *pro se* allegations had merit is crucial to determining whether counsel acted unreasonably by not filing an amended petition").

¶ 29    In *Bass*, postconviction counsel filed a Rule 651(c) certificate and found the petitioner's *pro se* postconviction petition adequately stated his contentions of constitutional deprivations and

declined to amend the petition. *Id.* ¶ 7. The State moved to dismiss and counsel did not file a written response. Rather, counsel stood on the petition, but informed the court that he had attempted to obtain witness affidavits and was unsuccessful. *Id.* ¶ 8. The circuit court dismissed the petition. *Id.* ¶ 9.

¶ 30 On appeal, the petitioner did not argue the merits of his petition and forfeited any argument that his claims of constitutional deprivation were meritorious. *Id*. ¶ 10. Instead, he based his claim for relief solely on the contention that postconviction counsel rendered unreasonable assistance by failing to amend his petition to include witness affidavits, to explain the absence of those affidavits, or move to withdraw pursuant to *Greer*. The court stated that petitioner's argument "begs the question since he presumes (without any support in the record) that counsel's failure to amend his petition was the result of some deficiency in his lawyer's performance rather than the inability to substantiate [his] claims." *Id.* ¶ 14.

¶ 31 The record in *Bass* showed that postconviction counsel informed the court during multiple hearings that he attempted to locate the potential witnesses named in the *pro se* petition and that he met with petitioner and reviewed the record. Counsel ultimately stated that he interviewed three witnesses, including two named in the petition and " 'was not able to get any affidavits or attach any affidavits to the petition.' " *Id.* ¶ 15.

¶ 32 The *Bass* court held that postconviction counsel fulfilled all the obligations imposed by Rule 651(c), concluding "not every petition can be amended to state a substantial constitutional claim." *Id.* ¶ 16. The court further explained:

"[I]f the lawyer appointed to represent a postconviction petitioner determines, after

fulfilling his or her obligations under Rule 651(c), that the petition cannot be

amended, defendant has received the reasonable assistance of counsel the Act

contemplates and his entitlement to the assistance of counsel is at an end. [Cite.] And whether appointed counsel elects to withdraw and inform the court of the reasons why the petition lacks merit or instead elects to stand on the *pro se* petition, the result is the same; defendant's unamended petition will be dismissed." *Id.* ¶ 20.

¶ 33 We find *Bass* to be well reasoned and agree with its conclusion. As previously observed, the filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance and it is petitioner's burden to overcome this presumption. *Profit*, 2012 IL App (1st) 101307, ¶ 19. Postconviction counsel filed a Rule 651(c) certificate and stated that she worked with an investigator to obtain witnesses from petitioner, "but they were not forthcoming," and she was unsuccessful. Petitioner has the burden to rebut this presumption through a showing that counsel's conduct was unreasonable despite the efforts detailed in the certificate. *People v. Landa*, 2020 IL App (1st) 170851, ¶ 46.

¶ 34 In this case, postconviction counsel chose to rest on the *pro se* petition, explaining that it adequately set forth petitioner's arguments. Accordingly, counsel's decision to rest on the *pro se* petition does not support petitioner's claim of unreasonable assistance and, furthermore, petitioner has failed to rebut the presumption that postconviction counsel rendered reasonable assistance in substantial compliance with Rule 651(c).

¶ 35                              CONCLUSION

¶ 36 We affirm the circuit court's second stage dismissal of petitioner's *pro se* postconviction petition.

¶ 37 Affirmed.