2025 IL App (1st) 231124-U

No. 1-23-1124

Order filed March 21, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 99 CR 11761 |
| | ) | |
| NINOS GORGIS, | ) | Honorable |
| | ) | Marc W. Martin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the second-stage dismissal of defendant's postconviction petition where defendant failed to rebut the presumption that postconviction counsel provided reasonable assistance and counsel had no duty to withdraw.

¶ 2    Defendant Ninos Gorgis appeals from the second-stage dismissal of his petition for relief

under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal,

Gorgis contends that postconviction counsel did not provide reasonable assistance where he failed

to amend Gorgis's *pro se* petition to adequately shape the claim that Gorgis's sentence violated

the proportionate penalties clause of the Illinois Constitution. Gorgis further argues that if postconviction counsel believed that the petition could not be amended to state a meritorious claim, he was required to withdraw as counsel. For the following reasons, we affirm.

¶ 3     After a jury trial, Gorgis was found guilty of first degree murder and aggravated discharge of a firearm, and sentenced to concurrent terms of 40 years' and 10 years' imprisonment, respectively. The facts are detailed in this court's order on direct appeal. See *People v. Gorgis*, No. 1-00-3759 (2003) (unpublished order under Illinois Supreme Court Rule 23). Accordingly, we recount only the facts relevant to the present appeal.

¶ 4     At trial, evidence was adduced that Gorgis killed Dareth Womack in a gang-related drive by shooting in April 1999. Gorgis testified that at the time of the shooting, he was an entry-level member of the Latin Kings gang under the leadership of his cousin Ashor Jajou. According to Gorgis, he did not shoot Womack, but was ordered by Jajou to "take the rap" and feared the consequences of disobeying. During sentencing, defense counsel argued, *inter alia*, Gorgis was 19 years old at the time of the incident. In pronouncing sentence, the court considered Gorgis's age and background among other statutory factors, but found his conduct was "outrageous."

¶ 5     On August 5, 2019, Gorgis filed a *pro se* postconviction petition. In relevant part, he contended that his 40-year sentence, with the addition of 3 years' mandatory supervised release, constituted a *de facto* life sentence of 43 years, citing *People v. Buffer*, 2019 IL 122327. Further citing, *Miller v. Alabama*, 567 U.S. 460 (2012), and Illinois cases adopting *Miller*, he contended "youthful brain science adopted by the United [S]tates Supreme Court and Illinois Courts *** requires that a nineteen year old defendant sentenced in the Circuit Court be afforded the opportunity to submit evidence of his youth and its attendant characteristics before being sentenced

to a *de facto* life sentence." Relying upon *People v. House*, 2019 IL App (1st) 110580-B (*House I*), Gorgis argued that as a 19-year-old offender, his sentence violated the proportionate penalties clause of the Illinois Constitution because, at sentencing, the trial court failed to consider his youth and attendant circumstances or the high likelihood of his rehabilitation.

¶ 6 In the petition, Gorgis elaborated upon his education, certifications, and work programs during incarceration. Gorgis attached his affidavit attesting he assisted in rousing an inmate who had attempted suicide. Gorgis also attached prison records, an article he wrote for his former high school's newspaper about the dangers of "gang life," and records related to a high school equivalency certificate and his progress toward an associate degree during incarceration.

¶ 7 The court advanced the petition to the second stage of proceedings and appointed counsel, who filed a supplemental petition in 2022. Counsel argued that Gorgis's sentence was unconstitutional as applied to him because the trial court did not consider his status as an emerging adult in relation to his potential for rehabilitation. Citing *People v. Harris*, 2018 IL 121932, counsel argued that emerging adults, *i.e.* those over the age of 18, could raise as-applied constitutional challenges under the eighth amendment of the United States Constitution or the proportionate penalties clause of the Illinois Constitution.

¶ 8 Counsel relied upon the appellate opinion in *House I* for the proposition that Gorgis should be resentenced in the manner consistent with *Miller* to develop his potential for rehabilitation. Citing *People v. House*, 2021 IL 125124 (*House II*), which reversed *House I* in part, counsel argued that an as-applied inquiry requires a sufficiently developed record and should be conducted by the trial court during second stage postconviction proceedings. Counsel contended the sentencing court failed to consider Gorgis's immaturity, impetuosity, failure to appreciate risks and

consequences, and familial or peer pressure in accordance with *Miller*, and, thus, Gorgis should be resentenced for proper consideration of the *Miller* factors.

¶ 9 Specifically, counsel referenced recent scientific studies suggesting little difference in the impulse control and maturity between emerging adults and those under the age of 18. Counsel argued that because Gorgis was only 19 years old at the time of the offense, he was more susceptible to peer pressure due to gang involvement and had no prior incidents of violence before the charged offense. Further, he argued that the court did not consider Gorgis's medical records showing Gorgis suffered a traumatic brain injury when he was a child.

¶ 10 Counsel also attached Gorgis's 19-page affidavit describing how he was struck by a vehicle when he was five years old, his relationship with his family and history with crime, drugs, and the Latin Kings gang, and his work and participation in educational and faith-based programs during incarceration. Additionally, counsel attached hospital records related to Gorgis's treatment for brain trauma from his childhood injury, certificates Gorgis received since filing his *pro se* postconviction petition, Gorgis's academic evaluation related to his associate degree, and a 2021 article describing Gorgis's faith practices during incarceration.

¶ 11 With the petition, counsel filed a certification that he (1) communicated with Gorgis by phone and through written correspondence to ascertain his claims of a deprivation of his constitutional rights, (2) examined the record of proceedings, and (3) examined the *pro se* petition for postconviction relief. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel asserted the supplemental petition adequately presented Gorgis's claims.

¶ 12    The State filed a motion to dismiss the petition, arguing Gorgis did not receive a *de facto* life sentence, as he was over 18 years old at the time of the murder and received exactly 40 years' imprisonment. Thus, he had no valid sentencing claim under *Miller*.[1]

¶ 13    Postconviction counsel filed an amended supplemental postconviction petition, correcting the citation for Gorgis's direct appeal and an error in stating the length of Gorgis's sentence, but not advancing any additional arguments.

¶ 14    At a hearing on the petition, postconviction counsel asked the court to "take a novel approach" to conclude that 40 years' imprisonment constituted a *de facto* life sentence. The court dismissed the petition, commenting that it accepted Gorgis's representation that his sentence exceeded 40 years. However, because Gorgis's sentence was exactly 40 years' imprisonment, it did not qualify as a *de facto* life term. The court noted it was not the role of the circuit court to take a novel approach, which must come from a higher court.

¶ 15    Postconviction counsel filed a motion to reconsider the dismissal order, arguing, *inter alia*, that Gorgis maintained his sentence was a *de facto* life term and violated the proportionate penalties clause of the Illinois Constitution. The circuit court denied the motion.

¶ 16    On appeal, Gorgis first argues postconviction counsel failed to provide reasonable assistance where he did not amend Gorgis's petition to argue adequately that his 40-year sentence was unconstitutional under the proportionate penalties clause. Gorgis contends that postconviction counsel did not establish a record for meaningful review of the issue as required by the supreme court in *House II*, failed to address pertinent case law, did not obtain support for Gorgis's claim

---

[1] On May 8, 2023, the State filed a supplemental motion to dismiss, arguing another claim in Gorgis's *pro se* petition was barred by *res judicata*. This issue is not relevant to the present appeal.

that his brain was more similar to a juvenile's than an adult's at the time of the offense, and did not argue or develop the facts in the exhibits.

¶ 17    The Act provides a three-stage method by which imprisoned persons may collaterally challenge their convictions for violations of federal or state constitutional rights. *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). A petition survives dismissal at the first stage of proceedings if it is not frivolous or patently without merit, and the defendant alleges facts to state a claim that is arguably constitutional. 725 ILCS 5/122-2.1(a)(2) (West 2018); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the second stage, counsel is appointed if a defendant is indigent, and the State may file a motion to dismiss or an answer to the petition. 725 ILCS 5/122-4, 122-5 (West 2018); *People v. Domagala*, 2013 IL 113688, ¶ 33. Here, the circuit court dismissed Gorgis's petition at the second stage of postconviction proceedings.

¶ 18    To survive dismissal at the second stage, the defendant bears the burden of making a substantial showing of a constitutional violation. *Domagala*, 2013 IL 113688, ¶ 35. The question is whether the allegations in the petition, taken as true, would entitle the defendant to relief if proven at an evidentiary hearing. *Id*.

¶ 19    The Act guarantees a postconviction defendant "reasonable" assistance by counsel, which is "less than that afforded by the federal or state constitutions." *People v. Cotto*, 2016 IL 119006, ¶¶ 30, 45. To this end, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) mandates certain duties postconviction counsel must undertake at the second stage. See *People v. Jackson*, 2021 IL App (1st) 190263, ¶ 42. Appointed counsel must consult with the defendant, examine the record of trial proceedings, make any necessary amendments to the petition, and file a certificate

indicating compliance with the rule. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Cotto*, 2016 IL 119006, ¶ 27.

¶ 20 If amendments to the *pro se* petition would only further "a frivolous or patently unmeritorious claim," they are not "necessary" under the rule. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). There is no requirement that a defendant show that appointed counsel's failure to comply with Rule 651(c) caused prejudice, because if appointed postconviction counsel failed to fulfill the rule, remand is required regardless of whether the defendant's claims had merit. *People v. Russell*, 2016 IL App (3d) 140386, ¶¶ 11-12.

¶ 21 Filing a valid Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel rendered reasonable assistance. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 12. Substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Gorgis, therefore, has the burden to overcome the presumption by showing his attorney's failure to substantially comply with the duties mandated by Rule 651(c). *Id.* ¶ 19. We review *de novo* both the trial court's second-stage dismissal of Gorgis's postconviction petition, and whether postconviction counsel fulfilled his duties under Rule 651(c). *Id.* ¶ 17.

¶ 22 Because counsel filed a valid Rule 651(c) certificate, we presume that he provided reasonable assistance. Gorgis nevertheless contends counsel did not shape his claim about the unconstitutionality of his sentence under the proportionate penalties clause into the appropriate legal form to adequately present the issue. Specifically, Gorgis argues counsel did not provide a sufficiently developed evidentiary record or factual findings to support his as-applied constitutional challenge. See *House II*, 2021 IL 125124, ¶¶ 29-31.

¶ 23    As an initial matter, although the State contends Gorgis filed a *Miller* claim predicated upon the eighth amendment, Gorgis's *pro se* petition and supplemental petition establish that he challenged his sentence under the proportionate penalties clause of the Illinois constitution, asserting the trial court did not consider his youth and attendant circumstances in sentencing. Such a claim may, or may not, require an evidentiary record as to how the evolving science regarding maturity and brain development applies to the defendant's specific circumstances. See *People v. Hilliard*, 2023 IL 128186, ¶¶ 28-29 (limiting *House II* to young adults who receive mandatory life sentences but not barring petitioners from advancing similar claims under proportionate penalties clause).

¶ 24    Gorgis argues that postconviction counsel did not obtain a psychological evaluation to show how Gorgis's brain exhibited characteristics similar to a juvenile's at the time of the offense, or develop facts contained in the exhibits attached to the petition, namely, Gorgis's age, brain injury, abuse, susceptibility to peer pressure, and immaturity at the time of the offense. After considering the supplement and exhibits submitted by counsel, we hold Gorgis has not rebutted the presumption of reasonable assistance.

¶ 25    In the supplement, counsel added citations to scientific studies regarding impulse control of emerging adult offenders. He also discussed Gorgis's susceptibility to peer pressure and gang involvement. As the evidence at trial established, Gorgis's status as a gang member under the leadership of a family member was an important aspect of the proceedings. Counsel attached Gorgis's lengthy affidavit discussing, *inter alia*, his gang status and relationship with family members. Counsel also argued that Gorgis suffered a traumatic brain injury as a child and attached medical records confirming the fact. Counsel was not required to actively search for sources

outside the record or attach psychological studies or a psychological evaluation to satisfy Rule 651(c) (eff. July 1, 2017) or *House II*. See *Hilliard*, 2023 IL 128186, ¶¶ 28-29.

¶ 26    Next, Gorgis contends that if postconviction counsel determined that the claims in the *pro se* petition were frivolous, as indicated by counsel's reference to a "novel approach," he was required to seek leave to withdraw. See *Greer*, 212 Ill. 2d at 211-12 (where allegations in a *pro se* postconviction petition are frivolous, postconviction counsel may seek leave to withdraw from representation). We disagree. Withdrawal is required only where the record is clear that postconviction counsel knew that the contentions in the petition were frivolous or meritless. *Huff,* 2024 IL 128492, ¶ 28. Here, there is no such indication.

¶ 27    Counsel did not "confess to the motion to dismiss or [inform] the court that [defendant's] contentions had no merit." See *Huff*, 2024 IL 128492, ¶ 31. He merely requested that the court take a "novel position" regarding Gorgis's claim but vigorously advanced the arguments with a supplemental petition and exhibits. Counsel also complied with Rule 651(c)'s requirement to consult with the defendant, ascertain his contentions, and determine if any amendments were necessary to present his position, which counsel then made. Accordingly, we find nothing in the record to support Gorgis's contention that postconviction counsel believed the claims in the petition were frivolous or meritless. Thus, postconviction counsel had no duty to withdraw.

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.