NOTICE

Decision filed 09/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210392-U

NO. 5-21-0392

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-CF-1632 |
| | ) | |
| CLAYTON LAWRENCE, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's dismissal of the defendant's amended postconviction petition at the second stage of the proceedings is reversed. The defendant did not receive a reasonable level of assistance from postconviction counsel where postconviction counsel failed to shape the defendant's claims into proper legal form.

¶ 2    In September 2017, Clayton Lawrence, the defendant, pleaded guilty to aggravated battery/discharge of a firearm (720 ILCS 5/12-3.05(e)(1) (West 2016)), unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)), and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)). The defendant was sentenced to 25 years for aggravated battery, 10 years for unlawful possession of a

1

stolen motor vehicle, and 10 years for unlawful possession of a weapon by a felon. All sentences were to run concurrently with each other.

¶ 3 The defendant filed a *pro se* petition for postconviction relief alleging ineffective assistance of defense counsel. The circuit court later appointed postconviction counsel, Paul M. Storment III, to represent the defendant in second stage postconviction proceedings. Defendant's postconviction counsel filed an amended postconviction petition. The State filed a motion to dismiss the defendant's petition for postconviction relief. The circuit court granted the State's motion to dismiss after hearing arguments.

¶ 4 The defendant now appeals. The defendant argues that his postconviction counsel provided unreasonable assistance because he failed to shape the *pro se* claims into appropriate legal form because the essential elements of ineffective assistance of defense counsel were insufficiently alleged.

¶ 5 I. BACKGROUND

¶ 6 In January 2017, the defendant was indicted for home invasion/discharge of firearm proximately causing great bodily harm (720 ILCS 5/19-6(a)(5) (West 2016)), aggravated battery/discharge firearm (720 ILCS 5/12-3.05(e)(1) (West 2016)), unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)), and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)).

¶ 7 On September 11, 2017, the State informed the circuit court that the defendant would plead guilty and had negotiated a plea, subject to the court's approval. The plea agreement included aggravated battery/discharge firearm (count 2), unlawful possession of a stolen motor vehicle (count 3), and unlawful possession of a weapon by a felon (count

4).  Pursuant to the plea agreement the defendant would plead guilty and be sentenced to 25 years in the Illinois Department of Corrections (IDOC) with 3 years of mandatory supervised release (MSR) on count 2, 10 years in the IDOC with 2 years of MSR on count 3, and 10 years in the IDOC with 1 year of MSR on count 4.  The State would dismiss the home invasion/discharge of firearm proximately causing great bodily harm charge (count 1).  The sentences for counts 2, 3, and 4 would be served concurrently.

¶ 8    On that date, the circuit court admonished the defendant of his rights.  Then the State gave the factual basis for the defendant's guilty plea.  At approximately 2:34 a.m. on December 25, 2016, police were dispatched to the site of a home invasion after receiving a call from Andrew Tinge who reported he had been shot.  Officers found Mr. Tinge lying on the floor near the bed with a gunshot wound to his left arm.  Mr. Tinge told police that while he was asleep he heard a noise coming from his living room.  Mr. Tinge went to the living room and saw an individual, later identified as the defendant, in the living room with a gun and a bandana over his face.  The defendant pointed the gun at Mr. Tinge and threatened to shoot him.  Then the defendant asked where the money and the safe could be found.  Mr. Tinge directed the defendant to the safe.  The defendant demanded that Mr. Tinge open the safe and then the defendant fired his weapon.  Mr. Tinge opened the safe, but there was no money inside.

¶ 9    Mr. Tinge took an opportunity to tackle the defendant when he was distracted.  In the struggle that followed, Mr. Tinge was shot in the left arm.  Mr. Tinge attempted to gouge out the defendant's eyes, and Mr. Tinge bit the defendant.  Mr. Tinge took the bandana off the defendant's face during the fight and noticed that the defendant was

3

missing some teeth. Mr. Tinge was able to gain control of the gun, but there were no more bullets in the gun. The defendant finally fled Mr. Tinge's house and took Mr. Tinge's Honda Pilot to escape.

¶ 10　Once the defendant was located, he was taken into custody. Officers gave the defendant his *Miranda* rights, and the defendant provided a statement. The defendant admitted that he and Paul Stufflebean entered Mr. Tinge's house because Mr. Stufflebean told the defendant that Mr. Tinge had $75,000 in a safe. The statement given by the defendant contained similarities to the statement given by Mr. Tinge, including that Mr. Tinge attacked the defendant and Mr. Tinge tried to gouge the defendant's eyes out and bit him. During the fight, the defendant lost some teeth and one of his shoes. The struggle ended when the defendant took Mr. Tinge's car keys and escaped in the car.

¶ 11　The defendant essentially agreed with the factual foundation set forth by the State. The circuit court found that a factual basis existed, that the plea was knowing and voluntary, and the defendant knowingly and voluntarily waived his rights. Accordingly, the circuit court accepted the plea agreement and sentenced the defendant pursuant to the plea agreement.

¶ 12　In August 2020, the defendant filed a *pro se* postconviction petition alleging ineffective assistance of defense counsel. The *pro se* petition contained three allegations of ineffective assistance of defense counsel. First, the defendant alleged that he was under the influence of methamphetamine, cocaine, and other prescription medications at the time of the plea hearing. Second, the defendant claimed that his defense counsel told him that if he did not take the plea he would be sentenced to life in prison. Third, the defendant

4

stated that his attorney failed to have the defendant evaluated for mental health and drug issues. The defendant claimed that since he was now "sober and in his right state of mind," he would not have taken the plea. The *pro se* petition concluded by stating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

¶ 13    The circuit court reviewed the *pro se* postconviction petition and appointed Paul M. Storment III to represent the defendant in the second stage postconviction proceedings. Postconviction counsel filed an amended postconviction petition that adopted the three claims made in the *pro se* postconviction petition, with slight modification. Instead of alleging that defense counsel failed to have the defendant evaluated for mental health or drug-related problems, the amended petition stated that the defendant informed his defense counsel that he had severe psychiatric problems that made it difficult to understand the court proceedings. Postconviction counsel also attached four exhibits to support the claims made in the amended petition. The exhibits were a health services request form dated May 5, 2017, an intake information sheet from Wexford Health St. Clair County Facility, IDOC mental health screening paperwork, and IDOC mental health evaluation paperwork. The amended petition failed to allege that prejudice had occurred as a result of the defense counsel's ineffective assistance.

¶ 14    The State filed a motion to dismiss the amended petition for postconviction relief and arguments were heard on October 13, 2021. The circuit court summarily dismissed all the claims in the amended petition for postconviction relief.

5

¶ 15   This appeal followed.   In this appeal, the defendant has alleged that his postconviction counsel provided unreasonable assistance because postconviction counsel failed to shape the *pro se* claims into appropriate legal form.   The defendant argues that because the essential elements of ineffective assistance of the defense counsel were not sufficiently alleged, he was provided unreasonable assistance of postconviction counsel.

¶ 16                                  II. ANALYSIS

¶ 17   The Post-Conviction Hearing Act (Act) provides a three-stage procedure through which a defendant may challenge his conviction based on allegations of a substantial denial of his constitutional rights.   725 ILCS 5/122-1(a)(1) (West 2022); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).   At the first stage, the postconviction court reviews the defendant's petition to determine whether it is frivolous or patently without merit.   725 ILCS 5/122-2.1(a)(2) (West 2022); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001).

¶ 18   During the second stage, "counsel may be appointed to an indigent defendant and the State may file a motion to dismiss or an answer to the petition."  *People v. Domagala*, 2013 IL 113688, ¶ 33; 725 ILCS 5/122-4, 122-5 (West 2022).   To succeed at this stage, the petition and supporting documentation must make a " 'substantial showing of a constitutional violation.' "  *Domagala*, 2013 IL 113688, ¶ 33 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)).   This court reviews the circuit "court's dismissal of a postconviction petition at the second stage *de novo*."  *People v. Addison*, 2023 IL 127119, ¶ 17.

¶ 19   The Act requires that "the petition [is] verified by affidavit" and that there are "affidavits, records, or other evidence supporting [the] allegations" attached to the petition

6

"or shall state why the same are not attached." 725 ILCS 5/122-1(b), 122-2 (West 2022). Allegations made by the defendant are taken as true unless the allegations are refuted by the record. *Domagala*, 2013 IL 113688, ¶ 35. If a petition is rebutted by the record or fails to allege sufficient facts to make a substantial showing of a constitutional violation it should be dismissed. *People v. Williams*, 209 Ill. 2d 227, 233 (2004).

¶ 20 Defendants do not have a constitutional right to counsel during postconviction proceedings. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Instead, the right to counsel is provided by the Act. Under the Act, defendants are only entitled to a " 'reasonable' level of assistance." *People v. McDonald*, 2018 IL App (3d) 150507, ¶ 26 (quoting *People v. Flores*, 153 Ill. 2d 264, 276 (1992)).

¶ 21 Illinois Supreme Court Rule 651(c) has detailed the performance required by postconviction counsel. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). To provide reasonable assistance, postconviction counsel must "(1) consult with the defendant *** and ascertain upon what basis the defendant claims a constitutional deprivation, (2) examine the record of the trial court proceedings, and (3) make any necessary amendments to the defendant's *pro se* postconviction petition." *People v. Jennings*, 345 Ill. App. 3d 265, 271 (2003). " 'The purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into their proper legal form and presents them to the court.' " *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 14 (quoting *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18). Where counsel believes that claims "were worth pursuing but did not make the necessary amendments to put the claims in their proper form," postconviction counsel has not provided reasonable assistance. *Addison*, 2023 IL 127119, ¶ 25.

7

¶ 22 A certificate may be filed by postconviction counsel "to show that counsel [has] complied with the requirements of Rule 651(c)." *Jennings*, 345 Ill. App. 3d at 271. Filing a certificate creates a rebuttable presumption that postconviction counsel provided reasonable assistance. *Profit*, 2012 IL App (1st) 101307, ¶ 19. The defendant may overcome this presumption by showing that his attorney failed to "substantially comply with the duties mandated by Rule 651(c)." *Profit*, 2012 IL App (1st) 101307, ¶ 19. The presumption that postconviction counsel provided reasonable assistance may also be rebutted by the record. *Dixon*, 2018 IL App (3d) 150630, ¶ 14. If the defendant's postconviction counsel has not complied with Rule 651(c) by failing to shape the defendant's claims into the appropriate form, "it is inappropriate to consider the merits of the claims in the [postconviction] petition." *Addison*, 2023 IL 127119, ¶ 42. Remand is required when appointed postconviction counsel does not shape defendant's claims into the necessary form as required by Rule 651(c). *Addison*, 2023 IL 127119, ¶¶ 42-44.

¶ 23 In this case, both the *pro se* petition and amended petition alleged unreasonable conduct by defense counsel in his representation of the defendant. A claim of ineffective assistance of counsel is evaluated under a test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test requires that the defendant show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687. A defendant must satisfy both prongs of the *Strickland* test or the claim must fail. *Strickland*, 466 U.S. at 697.

¶ 24 When the defendant's postconviction counsel amended the postconviction petition, he omitted the allegation of prejudice that had been alluded to in the *pro se* petition. Prejudice is an essential element to prove ineffective assistance of counsel under *Strickland*. The defendant could not have been successful under the amended postconviction petition because it was insufficiently pled to satisfy the *Strickland* test. Therefore, the record rebuts the presumption under Rule 651(c) that the defendant's postconviction counsel provided reasonable assistance because the defendant's postconviction counsel failed to make the necessary amendments to put the ineffective assistance claims in their proper form. The defendant's postconviction counsel did not comply with Rule 651(c). As a result of postconviction counsel's failure to comply with Rule 651(c), remand is required.

¶ 25                                    III. CONCLUSION

¶ 26 For the reasons stated above, we reverse the circuit court's dismissal of the defendant's amended postconviction petition. The cause is remanded to the circuit court with directions that allow the defendant the opportunity to amend his postconviction petition with the assistance of new postconviction counsel.


¶ 27 Reversed and remanded with directions.