NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231239-U

NO. 4-23-1239

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| ROBERT L. SCHWALB, | ) | No. 14CF124 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant failed to establish he was denied the reasonable assistance of
postconviction counsel.

¶ 2    Defendant, Robert L. Schwalb, appeals the trial court's judgment dismissing his

amended postconviction petition at the second stage of proceedings. On appeal, defendant argues

he was denied the reasonable assistance of postconviction counsel. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    In January 2017, the State charged defendant by amended information with two

counts of aggravated criminal sexual assault (counts II and III) (720 ILCS 5/11-1.30(a)(2) (West

2012)) and five counts of criminal sexual assault (counts IV, V, VII, VIII, and IX) (*id.* §§ 11-

1.20(a)(1), (2)). Count III alleged that defendant "committed an act of sexual penetration with

C.J.H. by the use of force, in that [he] intentionally placed his penis into the anus of C.J.H. and in so doing [he] caused bodily injury to the anus of C.J.H." Following a bench trial, the trial court found defendant guilty of all counts beyond a reasonable doubt and subsequently sentenced him to three consecutive terms of imprisonment totaling 30 years. On direct appeal, defendant challenged the sufficiency of the evidence with respect to count VII. This court affirmed. See *People v. Schwalb*, 2021 IL App (4th) 190075-U, ¶ 32.

¶ 5    In November 2021, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant raised the following contentions in his *pro se* petition: (1) trial counsel provided ineffective assistance "where his strategy to convince the trial court that defendant and [the] alleged victim had consensual sex *** was clearly an ineffective strategy as the [S]tate's case was based on the alleged fact that the victim was severely retarded [such] that she could not consent to any sexual act;" (2) appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness on direct appeal; and (3) the "State failed to prove that a criminal sexual assault happened on or around May 1, 2012, in violation of [his] Due Process Rights." A February 7, 2022, docket entry indicates the trial court found defendant had presented the gist of a constitutional claim. The court advanced the petition to the second stage of proceedings and appointed postconviction counsel to make any necessary amendments to defendant's *pro se* petition.

¶ 6    On February 14, 2023, appointed counsel filed an amended postconviction petition on defendant's behalf, along with a certificate of compliance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Counsel indicated that he was raising the following claims in the amended petition on defendant's behalf: (1) "trial counsel's failure to

provide [defendant] reasonable representation regarding consensual sex with C.J.H. and [defendant] not understanding that C.J.H. was unable to give consent;" (2) "trial counsel's failure to provide him with reasonable representation regarding insufficient evidence to prove Count III (Aggravated Criminal Sexual Assault) (use of force—injury to anus);" and (3) "appellate counsel's failure to argue either of trial counsel's failed arguments" listed above. In support of defendant's first claim of ineffective assistance of trial counsel, postconviction counsel included the following two paragraphs in his analysis of the issue:

"20.     This further goes towards another argument of a violation of [defendant's] constitutional rights of privacy involving sexual autonomy and the ability to sleep with consensual partners of similar intelligence. If two individuals with down syndrome can legally be married, have sex, and bear children, then two individuals with different diagnoses and levels of mental impairment or mental retardation should also be able to have consensual sex without the justice system intervening. Here, there was no testimony that C.J.H.'s mother was her conservator and having a conservator does not automatically make one unable to give consent. The ability to give consent is a factual question which this trial court erred on with its decision resulting in plain error. Bright line rules against individuals with diminished capacity would be contrary to clear legislative intent and would affect civil liberties of these individuals. Therefore, the content [*sic*] that [defendant] was prosecuted for *** is constitutionally protected.

21.     Caselaw is extremely lean regarding consensual sex *** between individuals with diminished capacity, but the civil liberty of sexual freedom is protected by the Fourteenth Amendment. It accords the constitutional protections

and right to liberty relating to personal decisions regarding who you sleep with in your own home. This is not specifically stated in the constitution, but monumental cases such as *Texas v. Lawrence*, 539 U.S. 558 (2003)[,] delve into similar issues regarding sex and persons similarly situated that should be treated alike. The Due Process Clause and Equal Protection Clause arguments here concerning the rights of mentally impaired citizens to have sexual autonomy can be argued as requiring the same rights. Consent is a factual decision and levels of mentally diminished capacity can vary, but moderate and mild retardation which includes [defendant] who functions in the lowest 2% of the population should not be thought of as that much different from C.J.H."

¶ 7        The State filed a motion to dismiss defendant's amended postconviction petition. On October 13, 2023, the trial court conducted a hearing on the State's motion. Following the hearing, the court granted the State's motion and dismissed defendant's amended postconviction petition.

¶ 8        This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, defendant argues postconviction counsel "failed to render the reasonable assistance of counsel to [him] when counsel added new claims to the amended petition without shaping them into the proper legal form." Defendant summarizes his argument as follows:

> "In adding new claims that [defendant] was denied his rights to privacy and equal protection under the law, appointed counsel did not allege the necessary elements or facts to substantiate those claims. Counsel therefore did not shape

them into their proper form, and thus did not comply with Rule 651(c) or render the reasonable assistance of counsel."

The State disagrees, maintaining "that since Rule 651 does not require counsel to make any arguments not raised by defendant himself in his *pro se* post-conviction petition, counsel can not be seen to have violated Rule 651(c) by not taking action the rule did not obligate him to take in the first place." We review postconviction counsel's compliance with Rule 651(c) *de novo*. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 17.

¶ 11        The Act sets forth a three-stage procedure for criminal defendants to establish "that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009) (citing 725 ILCS 5/122-1 *et seq.* (West 2006)). At the first stage of proceedings, "the trial court independently determines, without input from the State and [w]ithin 90 days after the filing and docketing of the petition, whether the petition is frivolous or patently without merit." (Internal quotation marks omitted.) *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 11. Where, as here, the court finds the petition has arguable merit, it advances the petition to the second stage of proceedings. *People v. Domagala*, 2013 IL 113688, ¶ 33. "During second-stage proceedings, the court may appoint counsel for an indigent defendant, who may amend the petition as necessary, and the State may file a motion to dismiss or an answer to the petition." *People v. Cotto*, 2016 IL 119006, ¶ 27 (citing 725 ILCS 5/122-4, 122-5 (West 2010)). "The right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the *** Act." *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Our supreme court has held that the Act guarantees only that defendants receive "reasonable" assistance of postconviction counsel. *Id.*

¶ 12        In an effort to ensure defendants receive the reasonable assistance of counsel guaranteed by the Act, Rule 651(c) imposes three duties on appointed postconviction counsel. See, *e.g.*, *Profit*, 2012 IL App (1st) 101307, ¶ 18. Rule 651(c) requires postconviction counsel to certify that he or she (1) "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights," (2) "has examined the record of the proceedings at the trial," and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court." *Profit*, 2012 IL App (1st) 101307, ¶ 18. "The filing of a Rule 651(c) certificate gives rise to a presumption that postconviction counsel provided reasonable assistance during second-stage proceedings under the Act. [Citation.] It falls on the defendant to overcome that presumption by demonstrating counsel's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 13        Defendant relies on *People v. Dixon*, 2018 IL App (3d) 150630, in support of his argument that postconviction counsel provided unreasonable assistance. The *Dixon* court held that the record in that case rebutted postconviction counsel's Rule 651(c) certificate "because the record show[ed] that counsel failed to make the necessary amendments to the *pro se* petition to adequately present the defendant's claims. That is, counsel failed to shape the defendant's *pro se* claims into proper legal form." *Id.* ¶ 15. Specifically, in amending the defendant's *pro se* claims of ineffective assistance of counsel contained in his initial petition, postconviction counsel failed to allege that the defendant had suffered prejudice due to counsel's deficient performance, which is a basic element of an ineffective-assistance claim. *Id.* ¶ 16. Thus, the *Dixon* court found that

"[b]ecause the [amended] petition failed to allege the basic elements of the claims it raised, the petition was not in an appropriate legal form to present the defendant's claims to the court." *Id.*

¶ 14    Defendant's reliance on *Dixon* is misplaced, as the facts of that case are distinguishable from those in this case. Critically, in *Dixon*, postconviction counsel's failure to comply with Rule 651(c) stemmed from his failure to properly amend *the defendant's claims* that were raised in the defendant's *pro se* postconviction petition. Here, defendant does not argue that postconviction counsel failed to adequately present the claims he had raised in his *pro se* petition. Instead, defendant argues postconviction counsel raised new claims that were not raised in the *pro se* petition but failed to adequately present those new claims in proper legal form. *Dixon* is inapplicable to the instant case because it did not deal with the situation where postconviction counsel added new claims to an amended petition but failed to present those claims in proper legal form. Moreover, the plain language of Rule 651(c) provides that postconviction counsel is required to make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the] *petitioner's contentions*." (Emphasis added.) Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Our supreme court has made it clear that postconviction counsel's duty to amend a postconviction petition relates solely to the claims raised by the defendant in the defendant's *pro se* petition: "Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims. Had the legislature intended otherwise, it would, logically, have provided for the appointment of counsel prior to the filing of the original petition. Counsel's responsibility is to adequately present those claims which the *petitioner* raises." (Emphases in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993). Accordingly, because defendant makes no argument that postconviction counsel failed to adequately present

any of the claims he raised in his *pro se* petition, we find defendant has failed to establish postconviction counsel provided unreasonable assistance.

¶ 15                                    III. CONCLUSION

¶ 16          For the reasons stated, we affirm the trial court's judgment.

¶ 17          Affirmed.